### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSEPH ALAN HARVILLE, as an Individual | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. |
| STERLING INFOSYSTEMS, INC., and DOES 1-10 INCLUSIVE | ) ) ) ) | _____ |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff JOSEPH ALAN HARVILLE files this Complaint for Damages and Demand for a Jury Trial against Defendants STERLING INFOSYSTEMS, INC. and DOES 1-10 inclusive and respectfully shows the Court the following:

## NATURE OF THE ACTION

1. Defendant Sterling InfoSystems, Inc. ("Sterling") is an employment screening company that furnishes employment screening reports to prospective employers. Its reports include information related to an applicant's criminal history.

2. On or about February 2022, Plaintiff applied for employment to Home Shopping Network ("HSN").

3. On or about July 2022, HSN purchased a background check report on Plaintiff from Defendant in connection with Plaintiff's employment application. That report was a consumer report.

4. In the background check report that Defendant prepared regarding Plaintiff, Defendant reported a felony conviction.

1

5. Specifically, Defendant reported the following case:

   a. Case Number: 82CC1-2014-CR-742, including a Misdemeanor charge for Possession of Unlawful Drug Paraphernalia-Attempt and a Felony charge for Manufacturing, Delivering, Selling, Possession of Schedule II Drugs.

6. Defendant's reporting of the aforementioned case is inaccurate, as Plaintiff was not charged for Manufacturing, Delivering, Selling, Possession Schedule II Felony charge, but rather a Schedule VI charge of Possession of Marijuana for Sale or Delivery.

7. The inaccurate reporting of the charge misrepresents the severity of the crime in a way that is injurious and detrimental to Plaintiff.

8. Schedule II Drugs are considered to have a high potential for abuse and dependence, including drugs such as cocaine, methamphetamine, fentanyl, morphine, oxycodone, and hydrocodone. Schedule VI drugs, on the other hand, have a lower potential of abuse and are considered less dangerous compared to drugs in higher schedules. Typically, Schedule VI drugs include marijuana and its derivatives.

9. A Schedule VI charge of Possession of Marijuana for Sale or Delivery is classified as a Class E felony, as opposed Manufacturing, Delivering, Selling, Possession of Schedule II Drugs, which is classified as a Class B felony, which is more severe.

10. Plaintiff followed by filing a dispute regarding the erroneous information stated on the consumer report.

11. Plaintiff sent Court documents to Defendant and was informed from Defendant that the information was corrected and sent to Plaintiff's prospective employer, HSN.

12. Although, that did not occur and after so, Plaintiff was disqualified for employment.

2

13. Plaintiff reapplied to HSN once more for a different position and Defendant furnished a background check stating the incorrect information once more.

14. Plaintiff was once again disqualified for the second position he applied for.

15. Plaintiff asked Defendant for the second report ran on him to be mailed to him, yet Plaintiff never received a copy of his report.

16. Plaintiff disputed his second report as well, which Defendant did not amend.

17. Under the Fair Credit Reporting Act ("FCRA" 15 USC §1681 et *seq*.) §1681(e)(b), Defendant was required to use reasonable procedures to ensure the ***maximum possible accuracy*** of the information reported. Failing to report accurate information regarding criminal history is a clear violation of this statute.

18. Defendant did not have defined processes to verify the accuracy or current status of the public record information provided to HSN, because information related to Plaintiff's criminal records are a matter of public record.

19. Plaintiff is informed, believes, and thereon alleges that Defendant has no procedure in place to ensure that the criminal history information it furnishes to employers and prospective employers is accurate.

20. As a direct result of Defendant's failure to verify public records, Plaintiff's opportunity to gain employment was denied twice by HSN.

21. Plaintiff suffered and continues to suffer actual damages and emotional distress as a result of the denied employment opportunities.

22. Accordingly, Plaintiff seeks recovery for his actual damages, including loss of earnings, emotional distress, and damage to his reputation. Moreover, Plaintiff seeks statutory penalties, punitive damages, as well as attorney's fees and costs.

## THE PARTIES

23.    Plaintiff is an individual and a consumer as defined in 15 U.S.C. § 1681(c), residing in Johnson City, Tennessee.

24.    Defendant is a consumer reporting agency within the meaning of the FCRA, specifically 15 U.S.C. §1681(a)(f).

25.    Defendant Sterling is a consumer reporting agency and holds headquarters at 1 State Street Plaza, 24th Floor, New York, NY 10004.

## JURISDICTION AND VENUE

26.    The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the claims asserted in this civil action arise under the laws of the United States, specifically 15 U.S.C. § 1681 *et seq*., which is also known as the Fair Credit Reporting Act ("FCRA").

27.    Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FIRST CAUSE OF ACTION
## Violation of 15 U.S.C. § 1681e(b)

28.    Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

29.    Defendant willfully and/or recklessly violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to insure maximum possible accuracy in the consumer report that it prepared regarding Plaintiff and provided to HSN.

30.    Defendant's conduct was willful and/or reckless because the information regarding Plaintiff is easily verifiable and was a matter of public record; Defendant had no procedure in place

4

to review those records; Defendant had actual knowledge of its obligations under 15 U.S.C. § 1681e(b); Defendant knew that its failure to accurate information regarding criminal records was insufficient to assure maximum possible accuracy of the criminal history information reported; and Defendant knew that consumers, like Plaintiff, would suffer adverse job action and other damages as a result of its failure to comply with 15 U.S.C. § 1681e(b).

31. Plaintiff is further informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

32. Alternatively, Plaintiff alleges that Defendant's violations of 15 U.S.C. § 1681e(b) were negligent.

## SECOND CAUSE OF ACTION
### Violation of 15 U.S.C. § 1681k(a)(2)

33. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

34. Defendant willfully and/or recklessly violated the above-referenced sections of the FCRA by disclosing inaccurate information.

35. Defendant's conduct was willful and/or reckless because it knew that its failure to state the true severity of a criminal record is insufficient to ensure that the reported information is accurate, and at the time such public record information was reported to HSN, failed to notify Plaintiff of the fact that the public record information was being reported by Defendant, together with the name and address of the person to whom such information is being reported, thereby violating 15 U.S.C. § 1681k.

36. Plaintiff is informed, and believes, and thereon alleges that Defendant failed to sufficiently conduct audits, reviews, or quality control of the information it reported.

37. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

### THIRD CAUSE OF ACTION
### Violation of 15 U.S.C. § 1681i

38. Plaintiff hereby incorporates by reference the allegations of each and every paragraph above.

39. Plaintiff is informed and believes and thereon alleges Defendant willfully and/or recklessly violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation.

40. Plaintiff disputed the accuracy of the information in the reports furnished to HSN shortly after the reports were issued.

41. Defendant willfully and/or recklessly failed to conduct a reasonable reinvestigation of Plaintiff's dispute reflecting accurate information despite being sent official court documents. Defendant failed to amend Plaintiff's report stating the correct information knowing full well that it will result in the deprivation of Plaintiff's valuable employment opportunity.

42. Alternatively, Plaintiff alleges that Defendant's violations were negligent.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. For a declaration that Defendants' practices violate FCRA;

b. The Court conduct a jury trial of all claims asserted herein;

c. For statutory, compensatory, special, general, and punitive damages according to proof and as applicable against Defendant;

d. For interest upon such damages as permitted by law;

   e. For an award of reasonable attorneys' fees provided by law under all applicable statutes;

   f. For the costs of the lawsuit;

   g. For injunctive relief as applicable; and

   h. For such other orders of the Court and further relief as the Court deems just and proper.

This 23rd day of July, 2024

| | |
|---|---|
| **DHF LAW, P.C.**<br>2304 Huntington Drive, Suite 210<br>San Marino, CA 91108 | */s/ Devin H. Fok*<br>Devin H. Fok *(Pro Hac Vice application forthcoming)*<br>California Bar No. 256599<br>devin@devinfoklaw.com<br>888.651.6411<br><br>*Counsel for Plaintiff* |